UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELONIE BRATCHER,

   Plaintiff,

v.                                                        CASE NO.:

NAVIENT SOLUTIONS, INC.,

   Defendant.

_____/

**COMPLAINT**

1.    Plaintiff alleges NAVIENT SOLUTIONS, INC. "robo-called" her more than 100 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**INTRODUCTION**

2.    "Robocalls" are the #1 consumer complaint in America today.

3.    The FTC reported over 3.2 million complaints about robocalls in 2014, of which almost half (1,678,433) occurred after the consumer had already requested that the company stop call. Federal Trade Commission, National Do Not Call Registry Data Book, FY 2014, at 5 (Nov. 2014). Since this report the number of complaints have increased. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." Senate Hearing at 5.

1

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5. The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, INC. from invading American citizens' privacy and prevent illegal robocalls.

6. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745, 181 L.Ed.2d 881 (2012).

7. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

8. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

9. The alleged violations described in the Complaint occurred while Plaintiff was in Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F. 3d 1265 (11th Cir. 2014) and Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

14. Defendant, is a corporation which was formed in Delaware with its principal place of business at 2711 Centerville Road, Suite 400, Wilmington DE 19808, and conducting business in the state of Florida through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington DE 19808.

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

16. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

17. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (***) ***-3534.

18. Plaintiff was the "called party" during each phone call subject to this lawsuit.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

20. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

21. Defendant made at least one call to (***) ***-3534 using an "automatic telephone dialing system" (ATDS).

22. Defendant made at least one hundred (100) calls to (***) ***-3534 using an ATDS.

23. Each call the Defendant made to (***) ***-3534 in the last four years was made using an ATDS.

24. Each call the Defendant made to the Plaintiff was made using an ATDS which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

25. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

26. Defendant has stipulated in another lawsuit that the telephone system used to call the Plaintiff was in fact an ATDS.

27. Plaintiff repeatedly requested the Defendant to stop calling her cell phone however the Defendant continued to make calls

28. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

29. Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

30. Defendant has recorded at least one conversation with the Plaintiff

31. Defendant has recorded numerous conversations with the Plaintiff.

32. Defendant has made approximately one hundred (100) calls to Plaintiff's aforementioned cellular telephone number from 2015 until today, which will be established exactly once Defendant turns over their dialer records.

33. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

34. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

35. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

36. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

37. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

38. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court 284 times in the last three (3) years (Attached hereto as Exhibit "A").

39. Since January 2015, Defendant has had 168 complaints classified under "communications tactics" filed against it with the Consumer Financial Protection Bureau (Attached hereto as Exhibit "B").

40. In the last three (3) years, the Defendant has had 1,994 complaints reported to the Better Business Bureau (BBB), of which 1,335 of those complaints are classified as being related to "Billing/Collection Issues" (attached hereto as exhibit "C").

41. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

42. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

43. Defendant violated the TCPA with respect to the Plaintiff.

44. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I

### (Violation of the TCPA)

45. Plaintiff incorporates Paragraphs one (1) through forty-four (44).

46. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

47. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, and any other such relief the court may deem just and proper.

## COUNT II

**(Violation of the FCCPA)**

48.     Plaintiff incorporates Paragraphs one (1) through forty-four (44).

49.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

50.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

51.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

52.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## COUNT III

**(Violation of the FDCPA)**

1.     Plaintiff incorporates Paragraphs one (1) through forty-four (44).

2.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

3.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

4.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

5.     Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/William Peerce Howard
William Peerce Howard, Esquire
Florida Bar No. 0103330
Billy@TheConsumerProtectionFirm.com
Amanda J. Allen, Esquire
Florida Bar No. 0098228
Amanda@TheConsumerProtectionFirm.com
The Consumer Protection Firm, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Attorney for Plaintiff