# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MELONIE BRATCHER,

       Plaintiff,

v.

                              Case No. 3:16-cv-00519-HES-JBT

NAVIENT SOLUTIONS, INC.,

       Defendant.

**PLAINTIFF'S MOTION TO COMPEL AND INCORPORATED MEMORANDUM OF LAW**

    **COMES NOW,** Plaintiff, MELONIE BRATCHER, by and through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, hereby respectfully requests this Honorable Court grant her Motion to Compel Defendant's Discovery Responses, asserts the following in support thereof:

## BACKGROUND

    1.    The discovery disputes underlying this Motion revolve around Defendant's refusal to provide basic documents and responses to straightforward requests, despite their continued promises to do so.

    2.    Plaintiff filed her Complaint [Doc. 1] on April 28, 2016 alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA"), Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA").

    3.    The underlying discovery disputes in today's Motion simply seek documents directly related and highly relevant to the willful and knowing nature of the violations of the TCPA,

as well as possible evidence solidifying Defendant's "intentional misconduct or gross negligence" in support of Plaintiff's claim for punitive damages under the FCCPA.

4. Without the documents and information at issue in this Motion, Plaintiff may find herself with the difficult, if not impossible, task of putting on evidence at trial to prove possible willful and knowing violations of the TCPA or potential punitive damages under the FCCPA.

5. Plaintiff served her first set of Interrogatories, Requests for Production, and Request for Admissions on September 12, 2016 (see attached Exhibit "A"). Defendant served its Responses and Objections on October 17, 2016, and its Amended Response to Plaintiff's First Set of Interrogatories on October 24, 2016 (see attached Exhibit "B").

6. As the Court knows, the fact discovery deadline in this matter is March 17, 2017, and all dispositive motions must be filed by April 17, 2017.

7. Pursuant to Local Rule 3.01(g), Plaintiff has had numerous discussions concerning the issues discussed in this Motion prior to its filing. However, Plaintiff was trying to not waste judicial resources and give the Defendant more than one opportunity to do the right thing.

8. It has been more than 120 days since Plaintiff served her first set of very simple and straightforward discovery requests, yet Plaintiff still finds herself without any actual responses from the Defendant. Even more worrisome, Plaintiff is now facing Court ordered discovery deadlines while being left completely in the dark by Defendant's seemingly deliberate and obstructive delay tactics throughout this discovery process.

9. On January 5, 2017, with ample time passed and several opportunities for Defendant to remedy these simple outstanding discovery issues, Plaintiff explicitly outlined specific discovery requests still lacking actual meaningful responses from Defendant and

scheduled a telephone conference, pursuant to 3.01(g) in hopes of resolving these straightforward issues once and for all (See attached Exhibit "C").

10. Despite the passage of nearly four months since Plaintiff's first set of discovery requests were served on Defendant and its counsel, Plaintiff was again met with indifference and delay tactics by counsel for Defendant.

11. On January 10, 2017, following the aforementioned conference, opposing counsel astonishingly told Plaintiff that they would have to go back to Defendant to discuss Plaintiff's discovery requests. Notwithstanding the lack of timely production by Defendant and looming discovery deadline, Plaintiff, out of both professional courtesy and a wholehearted effort to not waste this Court's time, agreed to extend her request for Defendant's actual responses to Friday, January 13 at 12:00 p.m., allotting Defendant nearly 123 days to provide basic responses to straightforward discovery requests (See attached Exhibit "D").

12. To date, Plaintiff still has not received any supplemental responses withdrawing Defendant's boilerplate, cookie-cutter objections and providing meaningful responses (See attached Exhibit "B").

13. Defense counsel's delay tactics and constant gaming of the discovery process have now pushed Plaintiff close to the March 17, 2017 discovery deadline without any meaningful responses.

14. Unfortunately, Defense counsel's actions throughout this discovery process have left Plaintiff no other choice but to file today's Motion. Plaintiff has now waited long enough based upon good faith reliance on promises made by Defense counsel for actual meaningful responses to simple and straightforward discovery requests to no avail, while providing Defendant

ample opportunity to remedy their woefully deficient discovery responses. Not to mention, it's been more than 264 days since Plaintiff filed her Complaint in this case [Doc. 1].

15. To date, Defendant has made nothing more than boilerplate objections to Plaintiff's requests, and has failed to provide any factual basis for its objections.

16. One of the more disturbing aspects of this clear obstructionist mentality by Defendant is that supplemental responses and specifically responsive documents to Plaintiff's discovery requests outlined below are readily available to opposing counsel and Defendant. This tactic of delay and obfuscate has been further demonstrated by counsel for Defendant's gamesmanship in the simple request of providing availability for deposition. Defendant has employed a clear delay strategy from the outset of this case.

17. Plaintiff therefore moves this Court to overrule Defendant's objections and compel actual responses to certain Requests for Production, as well as certain Interrogatories.

## DISCOVERY REQUESTS RELATED TO DEFENDANT'S POLICIES AND PROCEDURES

**Request No. 1:** Documents you used to comply with 47 U.S.C. §227(b)(1)(A)(iii) of the "TCPA" concerning your "telephone calls" to the "Plaintiff's cellular telephone number" during the "relevant period."

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it seeks confidential, proprietary business documents that belong to NSI; and (iii) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege. Without waiving and subject to these objections and the general objections, NSI responds to this Request as follows: NSI will produce those non-privileged, non-confidential documents in its possession, custody or control that can be located after a diligent search and reasonable inquiry.

**Request for Production No. 9:** Internal memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents created or modified during the "relevant time period" concerning or relating to preventing violations of the TCPA of the type alleged in this lawsuit.

**RESPONSE:**  NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks a legal conclusions with respect to the nature of "violations" of the TCPA; and (vi) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**Request for Production No. 15:** Copies of all internal memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents created or modified during the "relevant time period" which instructs or notify your employees, representatives or agents how to respond to or handle any complaints, claims, verbal requests for a cease and desist of Defendant's "telephone calls," and/or other requests to discontinue Defendant's "telephone calls."

**RESPONSE:**  NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; and (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**Request for Production No. 16:** Copies of all internal emails sent to or received by Defendant's compliance directors concerning the TCPA including but not limited to, violations of the TCPA, actions that should be taken to curb violations of the TCPA, actions that should be taken to comply with the TCPA and Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks a legal conclusions with respect to the nature of "violations" of the TCPA; and (vi) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**Request for Production No. 17:** Defendant's policies and procedures in effect during the "relevant time period" related to "telephone alerts" made by you in calling, communicating with or attempting to communicate with Students and involving the use of "telephone calls", an "automatic telephone dialing system," "artificial voice" and/or "prerecorded voice."

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it seeks confidential, proprietary business documents that belong to NSI; (iii) it is overbroad, unduly burdensome and harassing in that it seeks information relating to unrelated third parties; and (iv) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**Request No. 27:** A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:** NSI objects to this Request on the grounds that it seeks confidential, proprietary business documents that belong to NSI. Without waiving and subject to this objection and the general objections, NSI responds to this request as follows: NSI will produce those non-confidential documents in it possession, custody or control that can be located after a a diligent search and reasonable inquiry.

**Request No. 28:** A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's determination of whether Plaintiff consented to calls placed to "Plaintiff's cellular telephone number" using an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:** NSI objects to this Request on the grounds that it seeks confidential, proprietary business documents that belong to NSI. Without waiving and subject to this objection and the general objections, NSI responds to this request as follows: NSI will produce those non-confidential documents in it possession, custody or control that can be located after a diligent search and reasonable inquiry.

**Request for Production No. 31:** Provide a log of all documents in Defendant's possession which Defendant asserts are protected by attorney work product or the attorney client privilege. In your response, please provide the author, recipient and document date of each document along with the

identity of all persons, other than counsel, who to your knowledge have reviewed or seen the documents.

**RESPONSE:** NSI objects to this Request to the extent that it purports to impose obligations in addition to those stated in the Federal Rules of Civil Procedure and/or the Local Rules of the Court.

**Basis to Compel Responses to Requests for Production Nos. 1, 9, 15-17, 27-28, and 31:** To date, NSI has failed to cooperate with this request, which would provide documents directly related to the willful and knowing nature of the violations of the TCPA.

This information sought is basic and discoverable pursuant to Fed. R. Civ. Pro. 26(b)(1). Namely, Defendant's TCPA compliance, or lack thereof, is precisely what this case is about. The TCPA is a strict liability statute that entitles the Plaintiff to $500 in damages for each violation and, if found to have willfully or knowingly violated the statute, an amount equal to not more than 3 times the $500 damages (i.e. $1,500) per call. The information sought is not only discoverable, but will certainly be admissible to illustrate whether the Plaintiff will be entitled to treble damages for willful TCPA violations. The requested documents are the exact sort of documents necessary in proving (or disproving) that Defendant knew it was acting in knowing violation of the TCPA. If Defendant did not use any documents, during the relevant period, to comply with § 227(b)(1)(A)(iii) of the TCPA, they should simply so state.

Any internal correspondence relating to TCPA compliance and consumer complaints, Plaintiff has a right to discovery on those topics.  Defendant has provided no factual support for its contention that this request is not relevant or overly broad, vague or ambiguous.  Whether or not the Defendant has procedures regarding the TCPA is necessary to determine if Defendant's conduct was willful or knowing in violation of the TCPA.  To that end, any internal emails

concerning TCPA compliance and memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents created or modified during the "relevant time period" which instructs or notify NSI employees, representatives or agents on how to respond to or handle any complaints, claims, verbal requests for a cease and desist is essential information for Plaintiff to be able to show that Defendant's conduct was willful or knowing.

This information is also not confidential, proprietary or trade secret, and importantly, Defendant has failed to provide a privilege log supporting this objection. Defendant has cited no cases to support the contention that the documents requested are confidential. Moreover, the Plaintiff finds it difficult to imagine how this is anything but a cut-and-paste, boilerplate objection. Finally, Defendant's cutting and pasting of "it seeks confidential, proprietary business information that belongs to NSI" or "it calls for documents and/or communications protected by attorney-client privilege or work product privilege" comes with zero explanation or privilege log. Defendant ignores Fed. R. Civ. P. 26(b)(5)(A)(ii), which requires a description of the documents. In *Perry, et al. v. Schwarzenegger, et al.,* 591 F. 3d 1126 (9th Cir. 2009), the court held that "the district court also observed that proponents had failed to produce a privilege log required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii). We agree that some form of a privilege log is required …" Lastly, this request is limited and narrowly tailored to "relevant period," making it minimally burdensome and also extremely relevant and important to the Plaintiff's case.

## DISCOVERY REQUESTS RELATED TO DEFENDANT'S PRIOR COMPLAINTS

**Request for Production No. 36:** Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to calls using an "automatic telephone dialing system," "artificial voice," and/or pre-recorded voice.

9

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (vi) it is not limited to a time period relevant or even proximate to the events at issue in this action.

**Request for Production No. 37:** Prior lawsuits filed against the Defendant, during the relevant time period, for violation(s) of the TCPA.

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (vi) it is not limited to a time period relevant or even proximate to the events at issue in this action.

**Request for Production No. 38:** Prior lawsuits filed against the Defendant, during the relevant time period, for violation(s) of the "FCCPA."

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure

by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (vi) it is not limited to a time period relevant or even proximate to the events at issue in this action.

**Request for Production No. 39:** Prior lawsuits filed against the Defendant, during the relevant time period, for violation(s) of the "FDCPA."

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (vi) it is not limited to a time period relevant or even proximate to the events at issue in this action.

**Interrogatory No. 14:** Identify any prior complaints, formal or informal, whether in writing or not, received from any governmental agency, concerning alleged violations of federal law relating to telephone calls to consumers in the past four years.

**RESPONSE:** NSI objects to this Request on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iii) it seeks confidential, proprietary business documents that belong to NSI; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action.

**Basis to Compel Requests for Production No. 36-39 and Interrogatory No. 14:** The information sought is discoverable pursuant to Fed. R. Civ. P. 26(b)(1) and very relevant as we specifically allege the Defendant ignored countless complaints and repeated requests by our client for the phone calls being placed to his cellular telephone by Defendant to stop. Prior complaints made to the Defendant about its own practices and procedures are highly relevant to the Plaintiff's claims for punitive damages under the TCPA and FCCPA, as well as towards the willful and knowing nature of the violations under the TCPA, and therefore the Plaintiff's claim for trebled damages. The simple fact that Defendant is attempting to hide behind the fact that this request is "overboard" and "unduly burdensome" likely speaks volumes about the number of complaints similar to Plaintiff's that have been received. As discussed in *Donnelly v. NCO Fin. Sys., Inc.,* 263 F.R.D. 500, 505 (N.D. Ill 2009) *objections overruled,* 2010 WL 308975 (N.D. Ill 2010), information relating to other complaints in which Defendant was accused of violating the TCPA is relevant in assessing whether the Defendant acted willfully in violating the TCPA in this case. *Donnelly*, 263 F.R.D. at 505. Although past violations do not necessarily reflect actual violation, it is relevant to its knowledge of the TCPA and the actions it did or did not take to ensure compliance. *Id*. This information will be admissible to determine if Plaintiff is only entitled to $500 per call or up to $1500 based upon a willful and intentional violation, per the TCPA. With regard to the FCCPA, prior complaints would be probative in determining if Defendant engaged in "intentional misconduct or gross negligence" and whether punitive damages would be appropriate. *Goodin*, at 1214. In fact, the Middle District of Florida has addressed this precise issue in *McCaskill v. Navient Solutions*, Case No. 8:15-cv-1559-T-33TBM, Dkt. 64 at 7 (M.D. Fla. 31, 2015). In *McCaskill*, the court ordered:

> Moreover, to the extent that Defendant(s) have been subject to formal written complaints or inquiries by a State of Florida or federal agency or entity during the

      relevant period of this suit because of their alleged violation of the TCPA, the FCCPA, or the FDCPA for collection activities of the kind at issue in this case, a copy of such complaint or inquiry shall be provided.[1]

Prior complaints about the same sort of conduct endured by Plaintiff would demonstrate that Defendant had actual knowledge of the wrongfulness of its conduct and the high probability that injury or damage would result and is therefore relevant to treble damages under the TCPA and the award of punitive damages under the FCCPA. This is information is also not confidential or trade secret, and importantly, Defendant has failed to provide a privilege log supporting this objection.

      Lastly, the discovery requests in question are narrowly tailored to a relevant time period, which is defined in the definitions portion of Plaintiff's First Set of Requests for Production and First Set of Interrogatories. Thus, there is no basis for any objection arguing that that the request was not limited to a relevant time period.

## DISCOVERY REQUESTS RELATED TO DEFENDANT'S CALLS TO CLIENT

**Request for Production No. 18:** All call logs, autodialer reports, account notes, or other documents which identify each and every call made by Defendant to "Plaintiff's cellular telephone number" using an "automatic telephone dialing system" during the "relevant time period."

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it seeks a legal conclusion; and (ii) it seeks confidential, proprietary business documents that belong to NSI. Without waiving and subject to this objection and the general objections, NSI responds to this Request as follows: NSI will produce those non-confidential documents in its possession, custody or control that can be located after a diligent search and reasonable inquiry.

---

[1] It is worth highlighting for the Court that the *McCaskill* Order was compelling responses from the same defendant, Navient Solutions, Inc., as in today's case with regards to nearly identical discovery issues. Moreover, the same law firm and counsel currently representing Defendant in this matter was also counsel in the *McCaskill* matter. The issues and pattern of behavior in front of the Court today is nothing new for the Defendant and its counsel.

**Request for Production No. 34:** Documents which identify the make, model, and software version of the telephone system(s) used by Defendant to "make telephone calls" to "Plaintiff's cellular telephone number" during the "relevant period."

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; and (iv) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**Interrogatory No. 3:** Describe and identify the system used by Defendant to make telephone calls to Plaintiff. This should include the manufacturer's name, make, model, software name, and software version of the phone system (also sometimes commonly referred to as an "autodialer," "robo-dialer," "predictive dialer," "power dialer") that was used by Defendant to place telephone calls to Plaintiff's cellular telephone number 904-615-3534 during the time-period beginning December 1, 2015, to the present date.

**RESPONSE:** NSI objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (ii) it seeks confidential, proprietary business information that belongs to NSI. Without waiving and subject to these objections, NSI responds as follows: The calls to Plaintiff were made in predictive and agentless modes.

**Basis to Compel Requests for Production Nos. 18 and 34, and Interrogatory No. 3:** The information sought is discoverable pursuant to Fed. R. Civ. P. 26(b)(1) and very relevant as we specifically allege the Defendant called Plaintiff's cellular telephone more than 100 times in

violation of the TCPA. In her request for Defendant to produce documents that describe and identify the system used to make telephone calls to Plaintiff, as well as call logs, autodialer reports, account notes, or other documents identifying calls, Plaintiff is not seeking any documentation reflecting a legal conclusion, but rather seeks to obtain items to prove a purely factual element of her case—the total number of calls placed by Defendant and the type of dialing system used to place each of those calls. Despite Defendant's claim that it would produce these documents notwithstanding its objection, to date, no documents have been produced in response to this request. There is no basis for any objection arguing that the request calls for a legal conclusion. This is information is also not confidential or trade secret, and importantly, Defendant has failed to provide a privilege log supporting this objection.

## MEMORANDUM OF LAW

### I.     Legal Standard for Motion to Compel

The below standards are axiomatic and well known to this Court. The Federal Rules state that, on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). Under Federal Rule 26, the information sought in discovery need not itself by admissible; instead, to be the proper basis of a discovery request it must only be likely to lead to the discovery of admissible evidence.

If a party does not receive disclosures or adequate discovery responses pursuant to Rule 26, then that party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. *Commercial Union*

*Insurance Co. v. Westrope* 730 F.2d 729, 731 (11th Cir. 1984). If the motion is granted, Fed. R. Civ. P. 37(a)(5)(A) goes on to provide that the Court must award the movant's reasonable expenses incurred in making the motion, including attorney's fees, except in certain enumerated circumstances. *Broad Music, Inc. v. Bourbon St. Station, Inc.*, 3:09-cv-468-J-25MCR, 2010 WL 376619 (M.D. Fla. Jan. 26, 2010).

## II.  Specified Deficiencies & Basis to Compel

The Plaintiff served the Defendant with his First Set of Interrogatories and Request for Production and unfortunately did not receive adequate responses to several of her requests. Specifically, inadequate and evasive responses were received with regards to Interrogatory Nos. 3 and 14; and Requests for Production Nos. 1, 9, 15-18, 27-28, 31, 34, and 36-39 as previously outlined in this Motion.

## III.  Further Justification for Production

The documents required to be disclosed, which Defendant failed to provide, are of paramount importance in primarily deciding whether treble damages are warranted under the TCPA, as well as whether punitive damages are appropriate in light of Defendant's conduct under both the TCPA and FCCPA. The TCPA provides that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

In *Harris v. World Financial Network National Bank*, 867 F. Supp. 2d 888 (E.D. Mich. 2012), the Defendant was placing telephone calls to an individual in error, and upon being notified by the Plaintiff that said calls were mistaken, the Defendant ceased calling one account but

continued placing calls on two other accounts. The Court found that the "Defendant's continuous phone calls regarding the other two accounts constitute willful violations of § 227(b)(1)(A). At that point, Defendants were put on notice." The Court further went on to say that "When a third party, that is, a person who is not the actual debtor on the past due account, notified Defendants that they have the wrong number for an account, it is Defendants policy to remove the phone number from that account only." The Defendants' actions in *Harris* ultimately caused the Court to "award triple damages, pursuant to 47 U.S.C. § 227(b)(3) for the phone calls and prerecorded messages Defendants placed to Plaintiff's cellular phone after August 23, 2010—the date on which Plaintiff first notified Defendants that they had the wrong number." *Id*. at 896.

Additionally, in *King v. Time Warner Cable*, 113 F. Supp. 3d 718 (S.D.N.Y. 2015), the Court ruled for treble damages against Time Warner Cable for calling Ms. King after revocation stating that Defendant "had knowledge through its agent that King did not consent to further robo-calls. Therefore, Defendant's subsequent calls were knowing violations and treble damages are appropriate." The actions of Defendant and whether or not treble damages are appropriate, along with punitive damages, would be clarified by the production of Defendant's prior complaints, both formal and informal, as well as any internal correspondence related to TCPA compliance and complete policies and procedures as described above. Ultimately, the information requested is relevant to determine willful and or punitive conduct and whether damages under TCPA should be trebled.

**IV.  Legal Authority for Motion to Compel**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The information sought by Plaintiff is

necessary to the proper preparation and prosecution of the Plaintiff's case, as "[t]he discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve previous judicial energies. The United States Supreme Court has said they are to be broadly and liberally construed." *Callaway v. Papa John's USA, Inc.*, No. 09-61989-CIV-ZLOCH, 2010 WL 4024883 (S.D. Fla. Oct. 12, 2010) (citing *Hickman*, 329 U.S. at 507). Defendant's failure to provide the appropriate disclosures and discovery responses is calculated to and does defeat, impede, impair and prejudice the Plaintiff in the prosecution of his case.

By its very design, discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requesting judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F. 3d 363 (11th Cir. 1996). Defendant's unwillingness to participate in good faith discovery, however, requires the Plaintiff to file this instant Motion to Compel. Fed. R. Civ. P. 37(a)(1); 37(a)(4). In order to obtain the appropriate responses and documents, Plaintiff compels Defendant to provide responses to Interrogatory Nos. 3 and 14; and Requests for Production Nos. 1, 9, 15-18, 27-28, 31, 34, and 36-39 as previously outlined in this Motion.

## V.     Request for Attorney Fees Regarding Motion to Compel

Courts are sometimes hesitant to award attorney fees for a motion to compel but the failure to produce these described in this Motion is a good example of when fees are appropriate. Fed. R. Civ. P. 37(a)(5)(A) states that if the Motion to Compel Discovery is "granted— or if the disclosure of requested discovery is provided after the motion is filed—the court shall . . . require the party .

. . whose conduct necessitated the motion . . . to pay the moving party reasonable expenses incurred in making the motion, including attorney's fees." If this Court finds that the Defendant has been less than forthright with regards to its production of documents, Plaintiff should be awarded fees and expenses associated with the instant motion, pursuant to the Rule.

It is the Plaintiff's position that Defendant's actions in this case have been obstructive and that documents have been withheld in order to prevent Plaintiff from obtaining information relevant to her case prior to the Court ordered discovery deadline of March 17, 2017. Defendant's actions in the instant case are the type of conduct where sanctions, fees, and costs are appropriate. These are identical to the actions by the defendant in *Douglas v. Kohl's*, No. 6:15-cv-1185-Orl-22TBS, 2016 WL 158865 (M.D. Fla. April 4, 2016), in which the court awarded plaintiff her reasonable legal expenses, including attorney fees, to prosecute her motion to compel. The court's order in the *Douglas* case was provided to defense counsel on more than one occasion in this matter. Defendant's failure and refusal to provide even basic information, such as prior complaints or internal correspondence related to policies and procedures and compliance with the TCPA, FCCPA and FDCPA during the relevant time period constitutes ample grounds for the granting of sanctions and attorney fees and costs.

## RULE 3.01(g) CERTIFICATE

In accordance with Local Rule 3.01(g), the undersigned certifies that he contacted Defendant's counsel on numerous occasions to resolve these discovery issues. Additionally, counsel for Defendant promised to discuss the outstanding discovery issues outlined in this motion with the Defendant and to provide actual responses on multiple occasions. However, to date, adequate responses have not been provided. Therefore, this motion is submitted to the Court for consideration.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to order Defendant to immediately produce documents and a description of the documents being withheld or privilege log, and responses to certain interrogatories as articulated above, in addition to award the Plaintiff seven hours of attorney fees for time Defendant forced Plaintiff's counsel to spend concerning this Motion, in addition to any other remedies this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 17, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                              s/*Stefan Alvarez*
                                              Stefan A. Alvarez, Esquire
                                              Florida Bar No: 100681
                                              William Peerce Howard, Esquire
                                              Florida Bar No:  0103330
                                              The Consumer Protection Firm
                                              210-A South MacDill Avenue
                                              Tampa, FL 33609
                                              Telephone: (813) 220-2954
                                              Stefan@TheConsumerProtectionFirm.com
                                              Billy@TheConsumerProtectionFirm.com
                                              *Counsel for Plaintiff*