UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELONIE BRATCHER,

        Plaintiff,

v.

                                        Case No. 3:16-cv-00519-HES-JBT

NAVIENT SOLUTIONS, LLC,

        Defendant.

**JOINT NOTICE OF DISCOVERY ITEMS THAT REMAIN IN DISPUTE, PURSUANT TO THE COURT'S ORDER [DOC. 15]**

**COMES NOW,** Plaintiff, MELONIE BRATCHER, and Defendant, NAVIENT SOLUTIONS, LLC, formerly known as Navient Solutions, Inc. ("NSL"), by and through their respective counsel, and submit this Joint Notice, pursuant to the Court's February 2, 2017 Order on Plaintiff's Motion to Compel [Doc. 15] notifying the Court that following a comprehensive meet-and-confer conference between the parties on February 8, 2017, Plaintiff's Request for Production No. 36 and Interrogatory No. 14 are the only discovery items that still remain in dispute.

### BACKGROUND

1. On October 17, 2016, Defendant responded to the discovery requests at issue.

2. On January 5, 2017, Plaintiff emailed Defendant to schedule a 3.01(g) conference.

3. On January 10, 2017, the conference took place.

4. Plaintiff filed her Motion to Compel [Doc. 13] on January 17, 2017.

1

5. On January 23, 2017, six days after Plaintiff filed her Motion to Compel, Defendant produced a call log responsive to Plaintiff's Request for Production No. 18.

6. On January 25, 2017, eight days after Plaintiff's Motion to Compel was filed, Defendant provided a proposed confidentiality agreement to Plaintiff for review.

7. On January 26, 2017, nine days after Plaintiff's Motion to Compel was filed, Plaintiff returned a signed confidentiality agreement to Defendant, and Defendant emailed/produced responsive documents related to Defendant's policies and procedures.

8. On January 26, 2017, Defendant also entered a fully executed joint stipulation of facts addressing Plaintiff's Request for Production No. 34 and Interrogatory No. 3.

9. On January 31, 2017 at 5:55 p.m. EST, fourteen days after Plaintiff's Motion to Compel was filed, Defendant emailed/produced "NSI's Supplemental Responses to Plaintiff's Request for Production of Documents."

10. Defendant filed its Response to Plaintiff's Motion to Compel [Doc. 14] on January 31, 2017 at 5:57 p.m. EST.

11. Nearly two hours later, on January 31, 2017 at 7:20 p.m. EST, FedEx picked up a package from the law offices of counsel for the Defendant and, on February 1, 2017 at 9:31 a.m. EST, FedEx delivered the package to the law offices of counsel for the Plaintiff, which contained 2,888 pages of prior lawsuits filed against the Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), Florida Consumer Collection Practices Act ("FCCPA"), and the Fair Debt Collection Practices Act ("FDCPA").

12. On February 2, 2017, the Court issued it Order [Doc. 15] taking Plaintiff's Motion to Compel under advisement and requiring the parties to file today's joint notice by February 17, 2017.

13. On February 8, 2017, the parties held a detailed meet-and-confer conference pursuant to this Court's Order [Doc. 14] and Local Rule 3.01(g) in a good faith attempt to resolve any remaining discovery items in dispute.

14. During the parties' conference, in light of the information received after the filing of Plaintiff's Motion to Compel, the parties worked diligently limiting the remaining issues to Plaintiff's Request for Production No. 36 and Interrogatory No. 14. To make every effort to resolve the remaining disputes surrounding these discovery items without further Court intervention, Plaintiff also narrowed these discovery requests to "those prior complaints, both formal and informal, for the past two years, which are stored and readily accessible in NSI's CSI Database that is maintained by NSI's Office of Customer Advocate and its Supervisor, Angela Kamionka."

15. On February15, 2017, following this conference between the parties, counsel for the Defendant notified Plaintiff's counsel that "[w]e will not be able to resolve RFP 36 and Rog 14."

## DISCOVERY ITEMS THAT REMAIN IN DISPUTE

**Request for Production No. 36:** Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to calls using an "automatic telephone dialing system," "artificial voice," and/or pre-recorded voice.

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks

3

documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (vi) it is not limited to a time period relevant or even proximate to the events at issue in this action.

**SUPPLEMENTAL RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (vi) it is not limited to a time period relevant or even proximate to the events at issue in this action. Without waiving and subject to these objections and the general objections, NSI responds to this Request as follows: To the extent this Request is not seeking documents covered by attorney-client privilege and/or the work-product privilege, see Bates Nos. NSI0000126-NSI0003014.

**Interrogatory No. 14:** Identify any prior complaints, formal or informal, whether in writing or not, received from any governmental agency, concerning alleged violations of federal law relating to telephone calls to consumers in the past four years.

**RESPONSE:** NSI objects to this Request on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iii) it seeks confidential, proprietary business documents that belong to NSI; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action.

4

**Plaintiff's position**:

At the onset, Plaintiff wants to highlight for the Court that Bates Nos. NSI0000126-NSI0003014 identified by the Defendant in its Supplemental Response to Plaintiff's Request for Production No. 36 is not responsive in any way to this request. These documents pertain solely to lawsuits filed against NSL for violations of the TCPA, FCCPA, and FDCPA, rather than "formal or informal" complaints "whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to calls using an "automatic telephone dialing system," "artificial voice," and/or pre-recorded voice." The information sought in these requests is discoverable pursuant to Fed. R. Civ. P. 26(b)(1) and very relevant, as Plaintiff specifically alleges the Defendant ignored countless complaints and repeated requests by her for the phone calls being placed to her cellular telephone by Defendant to stop.

In fact, we now have an audio recording from March 14, 2016, during which Plaintiff explicitly stated to an NSI debt collector, "I'm already taking care of my student loans, and I've asked you to stop calling me. I don't want you guys calling me again. Thank you very much." Plaintiff then immediately hung up the phone on the debt collector. Defendant ignored Plaintiff's repeated pleas for the calls to stop during that conversation and proceeded to robocall her 63 more times. During another recorded conversation just four days later, on March 18, 2016, with no way to make the calls stop, Plaintiff again pleaded with an NSI debt collector, "I told you guys not to call me anymore. I'm getting an attorney and I'm suing you guys now. Have a good day. And don't call me again." Defendant once again ignored her pleas and requests for the calls to stop, robocalling Plaintiff more than 47 times after that conversation.

Prior complaints of similar conduct endured by the Plaintiff are highly relevant to the Plaintiff's claims for punitive damages under the TCPA and FCCPA, as well as being instrumental in proving the willful and knowing nature of the violations under the TCPA, and therefore the Plaintiff's claim for trebled damages. The simple fact that Defendant is attempting to hide behind the fact that this request is "overboard" and "unduly burdensome" likely speaks volumes about the number of complaints similar to Plaintiff's that have been received. With regard to the FCCPA, prior complaints would be probative in determining if Defendant engaged in "intentional misconduct or gross negligence" and whether punitive damages would be appropriate. The information requested would ultimately demonstrate that Defendant had actual knowledge of the wrongfulness of its conduct and the high probability that injury or damage would result and is therefore relevant to treble damages under the TCPA and the award of punitive damages under the FCCPA. It would also either support or disprove the Plaintiff's argument that Defendant has an institutional refusal to properly and effectively document consumers' revocations of consent, despite what the letter of its policies and procedures might reflect.

Moreover, Plaintiff went above and beyond to resolve these issues without additional intervention from the Court by limiting and further narrowing the discovery items in dispute to only those prior complaints, both formal and informal, for just the past two years, which counsel for the Defendant knows are stored and readily accessible in NSI's CSI Database maintained by NSI's Office of Customer Advocate and its Supervisor, Angela Kamionka.

Lastly, as stated in Plaintiff's Motion to Compel, Plaintiff made every effort pursuant to Local Rule 3.01(g) to resolve these issues prior to filing her Motion to Compel, including allowing Defendant several extensions of time to fully respond to the discovery items at issue in

her Motion. Plaintiff provided Defendant ample time and multiple opportunities to produce the requested documents, to no avail. Rather than meaningful supplemental responses or production of responsive documents, Plaintiff was met with Defendant's patented non-response of "we're working on it" or yet another request for more time. It took Defendant 100 days to produce something as basic and essential to this case as a call log, which only happened after Plaintiff filed her Motion to Compel. In fact, seven days after the 3.01(g) conference held between the parties, Plaintiff sent one last email to Defendant prior to filing the subject Motion to Compel lamenting the fact that "I've been more than reasonable in giving you ample time to provide the responsive documents. I have an obligation to my client and the diligent prosecution of her case. We will be filing our motion to compel this morning. Of course, the filing of our motion should not dissuade or preclude you from providing complete and meaningful responses to the discovery requests at issue. Once we receive actual responses, we are more than happy to consider striking specific requests in our motion to compel as moot. However, I simply cannot delay any longer." It wasn't until six days after Plaintiff filed her Motion to Compel that Defendant began producing any responsive documents. Federal Rules of Civil Procedure 37(5)(A) addresses this exact situation in a specific section titled "…*Discovery Is Provided After Filing"* which states in pertinent part:

> "if the requested discovery is provided **after** the motion was filed—the court must, after giving them an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion including attorney's fees." (emphasis added).

Even following the filing of her Motion to Compel, Plaintiff maintained a persistent effort to resolve these issues without needlessly resorting to further Court intervention. Plaintiff took this Court's Order [Doc. 15] seriously and, in turn, significantly limited the discovery requests in

dispute to Request for Production No. 36 and Interrogatory No. 14. Additionally, Plaintiff more narrowly tailored these requests to a short time-period of the past two years and further isolated the requests to those complaints specifically stored in the CSI database, which is maintained by the Office of Customer Advocate and its supervisor, Angela Kamionka. These requests could not be more specific and straightforward with unquestionable relevance and clear proportionality to the needs of this particular case.

Therefore, Plaintiff respectfully requests this Honorable Court to order Defendant to immediately produce documents and responses to Plaintiff's Request for Production No. 36 and Interrogatory No. 14 as articulated above, in addition to award the Plaintiff seven hours of attorney fees for the time Defendant forced Plaintiff's counsel to spend concerning her Motion to Compel, in addition to any other remedies this Court deems just and proper.

**Defendant's position:**

As noted previously, NSI produced complaints alleging violations of the TCPA, FCCPA, and FDCPA from the past two years. However, NSI stands by its objections to the extent Bratcher seeks information related to informal complaints.

As an initial matter, Bratcher's counsel is well-aware that the remaining discovery requests are improper, as a court in the Southern District of Florida recently denied a Motion to Compel on these very same issues. See Cedeno v. Navient Solutions, Inc., No. 16-61049-CIV-UNGARO/OTAZO-REYES, Dkt. 41 (S.D. Fla. Dec. 8, 2016) (denying plaintiff's motion to compel on the same complaint requests raised in Bratcher's Motion, and explaining that "NSI's responses to the discovery requests at issue are sufficient and . . . the additional discovery sought by Plaintiff is neither relevant nor proportional to the needs of the case").

Further, the requested documents are simply irrelevant to the underlying case here. They do nothing more than demonstrate completely separate incidents vaguely (if at all) related to the type of issues that Bratcher alleges in this matter. This is certainly not enough to compel NSI to produce such documents. However, in the spirit of the meet and confer efforts, NSI provided Bratcher with various complaints naming NSI as a defendant, so Bratcher's Requests are particularly duplicative and unnecessary. See Boral, 144 F. App'x at 38; Klayman, 2007 U.S. Dist. LEXIS 91990, at *13.

Bratcher argues informal complaints show Defendant acted willfully in violating the TCPA in this case. In her Motion to Compel, Bratcher cites Donnelly v. NCO Fin. Sys., Inc., 263 F.R.D. 500, 505 (N.D. Ill. 1009), for the proposition that "information relating to other complaints . . . is relevant in assessing whether the Defendant acted willfully in violating the TCPA in this case." (Motion to Compel, p. 12.) Importantly, however, the plaintiff in Donnelly only sought evidence of prior lawsuits, which NSI has already produced. Additionally, by producing actual complaints and not merely a list of cases, NSI has gone above and beyond its discovery requirements in light of Donnelly, where the court only required the production of a list of such cases. See Anderson v. Domino's Pizza, Inc., No. 11-cv-902 RBL, 2012 U.S. Dist. LEXIS 45503, at *6 (W.D. Wash. Mar. 30, 2012) (explaining that, in Donnelly, plaintiff only sought a list of cases). Most cases require only the production of a list of lawsuits and nothing more, which is a substantial limitation on what Bratcher is seeking here and beyond what Defendant has already produced. See Pollock v. Northland Grp., Inc., No. 12-80335-RYSKAMP/HOPKINS, 2012 U.S. Dist. LEXIS 191950, at *2 (S.D. Fla. Aug. 22, 2012); Rubin v. Northland Grp., Inc., No. 12-80320-RYSKAMP/HOPKINS, 2012 U.S. Dist. LEXIS 191949,

at *2 (S.D. Fla. Aug. 13, 2012); Anderson, 2012 U.S. Dist. LEXIS 45503, at *6; Donnelly, 263 F.R.D. at 505.

In addition to being irrelevant, duplicative and unnecessary, these Requests are not proportional to the needs of the case, as they would impose a significant burden on NSI. Many NSI employees may possess the "formal or informal, whether in writing or not" information that Bratcher seeks. Bratcher's Requests effectively ask NSI to pull every email and document from every NSI employee that could be involved in a "complaint." This is a task that is surely unduly burdensome, considering the limited value such information would provide Bratcher. See Gates, 2012 U.S. Dist. LEXIS 176649, at *8.

Moreover, the requested documents contain highly sensitive confidential and proprietary information and privileged information. This is particularly so with respect to the CSI Database maintained by NSI's Office of Customer Advocate and its Supervisor, Angela Kamionka.

Further, Federal Rule of Evidence 404 establishes that evidence of past claims or lawsuits is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Under FRE 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." FRE 404(b). FRE 404, therefore, precludes plaintiff from introducing past complaints, formal and informal, made against Defendant to establish that Defendant violated the TCPA, FDCPA, or FCCPA in this case. NSI should not be forced to produce such documents.

Lastly, Plaintiff argues she is entitled to attorney's fees, claiming she made every effort to resolve discovery issues prior to filing her Motion to Compel. However, Plaintiff's Motion to Compel was premature. Prior to filing the Motion to Compel, Defendant informed Plaintiff, several times, that Defendant would be supplementing with responses and documents, and,

therefore, filing the Motion to Compel was premature until allowing the parties time to resolve as many issues as they could without involving the Court.

In response, Plaintiff emailed Defendant "[w]e will be fling our motion to compel this morning. Of course, the filing of our motion should not dissuade or preclude you from providing complete and meaningful responses to the discovery requests at issue. Once we receive actual responses, we are more than happy to consider striking specific requests in our motion to compel as moot."

Defendant has now provided supplemental responses and thousands of pages of documents; Plaintiff's point Defendant did so after she filed the Motion to Compel is taken out of context and does not justify attorney's fees and costs for involving the Court unnecessarily on several issues the parties have now worked out between themselves.

Dated: February 17, 2017

Respectfully submitted,

| | |
|---|---|
| */s/Stefan A. Alvarez* | */s/Rachel A. Morris* |
| Stefan A. Alvarez, Esq. | Rachel A. Morris, Esq. |
| William Peerce Howard, Esq. | Florida Bar No. 0091498 |
| Amanda J. Allen, Esq. | Dayle M. Van Hoose, Esq. |
| The Consumer Protection Firm, PLLC | Florida Bar No. 0016277 |
| 210-A South MacDill Avenue | SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C. |
| Tampa, FL 33609 | 3350 Buschwood Park Drive, Suite 195 |
| Telephone: (813) 500-1500 | Tampa, FL 33618 |
| Facsimile: (813) 435-2369 | Telephone: (813) 890-2463 |
| Stefan@TheConsumerProtectionFirm.com | Facsimile: (866) 466-3140 |
| Billy@TheConsumerProtectionFirm.com | dvanhoose@sessions.legal |
| Amanda@TheConsumerProtectionFirm.com | ramorris@sessions.legal |
| | |
| Attorneys for Plaintiff, | Attorney for Defendant, |
| Melonie Bratcher | Navient Solutions, LLC |