## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MELONIE BRATCHER,

        Plaintiff,

v.

NAVIENT SOLUTIONS, LLC.,

        Defendant.

No. 3:16-cv-00519-HES-JBT

## DEFENDANT NAVIENT SOLUTIONS, LLC'S MOTION FOR PROTECTIVE ORDER

Defendant, Navient Solutions, LLC ("NSL"), through counsel and under Federal Rule of Civil Procedure 26, files this Motion for Protective Order with respect to Notices of Deposition served by plaintiff Melonie Bratcher ("Bratcher") for three of NSL's employees, Patty Peterson ("Peterson"), Angela Kamionka ("Kamionka") and Joshua Dries ("Dries"), and states:

### I.    Introduction

The depositions that Bratcher seeks here are entirely unnecessary and burdensome and clearly intended to harass NSL. In this action, Bratcher challenges the propriety of telephone calls that NSL made in an effort to collect on her delinquent federal student loan debt. Specifically, Bratcher alleges that NSL made these calls in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227, et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. Chap. 559.55, et seq. The evidence that would relate to these claims is simple and narrow. To prove her TCPA claim, Bratcher must demonstrate that NSL contacted her cell phone using an autodialer without the requisite "prior express consent." Meanwhile, on

the FCCPA and FDCPA claims, Bratcher must show NSL is a "debt collector" as defined therein, and that its calls were harassing or abusive.

Through extensive written discovery, document production and the deposition of NSL's corporate representative, Bratcher already has fully explored the calls made to her cell phone. Indeed, with respect to the TCPA claim, NSL has agreed not to contest that the calls to Bratcher were made using an autodialer (thus, removing the issue from the scope of discovery), and also has provided the information that goes to the number of calls made and the issue of prior express consent. Similarly, with respect to the FCCPA and FDCPA claims, NSL has provided the call information, account notes, and the recordings of the conversations between Bratcher and NSL.

Nevertheless, Bratcher now seeks to depose the three employees of NSL, who have no personal knowledge of Bratcher's claims and would add nothing to the evidence that Bratcher otherwise would need. In fact, when pressed for a reason as to why she needs to take these depositions, Bratcher refused to meaningfully explain. Further, it is unclear how Bratcher even obtained the names of two of the employees -- Dries and Kamionka -- as neither has been mentioned throughout this entire case. Plainly, the requested depositions constitute a fishing expedition, and Bratcher only seeks to harass NSL and impose an unnecessary discovery burden. Accordingly, the Court should grant the Motion.

## II.   Background

NSL is a servicer of student loans. Bratcher is the borrower on two delinquent FFELP loans (the "Loans"). As a result, pursuant to its obligations under U.S. Department of Education regulations, NSL began contacting Bratcher in an attempt to resolve her delinquency.

In April of 2016, Bratcher filed this lawsuit. On September 12, 2016, she served written discovery on NSL, which included thirty-nine requests for production, fourteen interrogatories and twenty-two requests for admission. NSL timely responded to this discovery on October 17,

CHICAGO/#2953176.1

2016, and produced the relevant records in its possession, which included the pertinent call log, call recordings and account notes. Additionally, NSL produced a corporate representative, Cheryl Dillon ("Dillon"), to testify to thirty-four topics during a deposition on January 27, 2017.

Nevertheless, on February 24, 2017, Bratcher served the three Notices of Deposition (the "Notices") at issue here. See Exhibit A, Notices. The Notices purport to set the depositions of: (1) Peterson, as a "Dialer Team Supervisor" for NSL; (2) Kamionka, as "Head of the Office of Customer Advocate" for NSL; and (3) Dries, as a "Supervisor of the Dialer Team" for NSL. See id. The Notices set Kamionka's deposition for March 10, 2017, Peterson's deposition for March 13, 2017, and Dries' deposition for March 14, 2017. Bratcher made no effort to determine NSL's or the witnesses' availability prior to serving the Notices, and NSL has served Objections to the Notices on that basis, as well as the unreasonable and irrelevant nature of the information sought.

## III. Argument

### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery, and provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes to Rule 26 state that "[p]roportional discovery relevant to any party's claim or defense suffices." Fed. R. Civ. P. 26 advisory

committee's note to 2015 amendment.   In discussing the recent amendments to Rule 26, the

Honorable John G. Roberts, Jr., Chief Justice of the United States Supreme Court, stated:

> The amended rule states, as a fundamental principle, that lawyers must size and shape their discovery requests to the requisites of a case. Specifically, the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery. The key here is careful and realistic assessment of actual need. That assessment may, as a practical matter, require the active involvement of a neutral arbiter—the federal judge—to guide decisions respecting the scope of discovery.

*See* 2015 Year-End Report on the Federal Judiciary,

https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.

Meanwhile, under Rule 26(c)(1), "[a] party or any person from whom discovery is sought

may move for a protective order ... to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).   The party seeking a

protective order must demonstrate "'good cause' for the protection sought."   Wrangen v.

Pennsylvania Lumbermans Mut. Ins. Co., 593 F. Supp. 2d 1273, 1277 (S.D. Fla. 2008). "'Good

cause' has been defined as a 'sound basis or legitimate need to take judicial action.'"   Id.

(quoting In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987)).   When

evaluating whether "good cause" exists, "a court should balance the non-moving party's interest

in obtaining discovery and preparing for trial against the moving party's proffer of harm that

would result from the deposition." Baratta v. Homeland Housewares, LLC, 242 F.R.D. 641, 642

(S.D. Fla. 2007) (citing Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir.

1985)).

**B.  The Depositions Sought By Bratcher Are Unnecessary And Unduly Burdensome, Plainly Intended To Harass NSL, And Not Proportional To The Needs Of The Case.**

As an initial matter, the Court should preclude Bratcher from taking the depositions

because they are unnecessary and will add nothing to Bratcher's ability to prove her claims.   To

-4-

the contrary, as explained above, NSL has already provided the call logs, call recordings and accounts notes, produced Dillon for deposition, and agreed to remove the autodialer issue from the scope of discovery.  In sum, Bratcher has the information that relates to the asserted claims, and she should move forward with arguing the merits based on that information.

Moreover, the depositions are unnecessary and unduly burdensome because Peterson, Kamionka, and Dries have no personal knowledge of the facts and circumstances in this action whatsoever.  Accordingly, their testimony (if any) would be based solely on their review of NSL's business records, but Dillon already provided this testimony.  Further, these employees are located in different areas of the country (Newark, Delaware; Wilkes-Barre, Pennsylvania; and Rochester, New York, respectively), and defense counsel's necessary travel to these areas would exponentially increase the burden on NSL.  Against this background, the depositions should not proceed.  The depositions impose unnecessary burden and will not provide Bratcher with anything that "is needed to prove [her] claim . . . ." See 2015 Year-End Report on the Federal Judiciary, https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf. This is the very type of disproportional discovery frowned upon by Congress when it recently amended Rule 26(b)(1).

Additionally, it is unclear why Bratcher is even seeking the depositions of Dries or Kamionka, as their names have never even been mentioned in this action.[1]  Similarly, with respect to Peterson, the only time her name was mentioned was in the Dillon deposition when counsel for Bratcher asked Dillon who her supervisor is.  There was no discussion of Peterson's duties at NSL or whether she has any knowledge relevant to this action.  At any rate, given that

---

[1] NSL suspects that Bratcher's counsel is aware of Dries and Kamionka from other lawsuits. That should not provide any basis for seeking their depositions here, and may also raise issues under protective orders in those cases.

CHICAGO/#2953176.1

Peterson is simply Dries' supervisor, her testimony would be superfluous and duplicative. Moreover, her testimony is unnecessary.  Bratcher seeks Peterson's deposition under the mistaken belief that she is a "Dialer Team Supervisor."[2]  As noted above, NSL has agreed not to contest that the calls were made with an autodialer, and the call log reflecting NSL's telephone calls was produced, so the frequency and mode of the calls to Bratcher are not at issue.

Finally, the depositions sought by Bratcher are simply not proportional to the needs of the case.  With respect to the TCPA, even giving Bratcher the benefit of the doubt regarding revocation of consent, there are at most 74 calls at issue.  Moreover, other than the arguments that NSL continued calling Bratcher after this alleged revocation and that the calls were so frequent as to be harassing, there is no evidence of violations of the FCCPA or FDCPA. Bratcher's claims are simply not valuable enough to warrant these additional depositions, especially considering (1) the amount of information NSL has already produced and (2) that Bratcher already deposed NSL's corporate designee.

WHEREFORE, NSL respectfully requests that the Court issue a Protective Order, and for such other relief as this Court deems proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned attorney certifies that the movant conferred by telephone and electronic mail with Bratcher, through counsel, and Bratcher opposes the instant Motion.

---

[2] Peterson is not a "Dialer Team Supervisor."  It is unclear where Bratcher even got this idea from.  This is simply further proof that Bratcher's counsel is attempting to gin up discovery based on other cases.  Indeed, they have issued these exact deposition notices in unrelated matters.

CHICAGO/#2953176.1

-7-

/s/ Rachel A. Morris
Rachel A. Morris, Esq.
Florida Bar No. 0091498
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone:     (813) 890-2469
Facsimile:     (866) 466-3140
ramorris@sessions.legal
dvanhoose@sessions.legal

*Attorneys for Defendant,*
*Navient Solutions, Inc.*

-8-

## CERTIFICATE OF SERVICE

I certify that on this 6th day of March 2017, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system or U.S. First Class Mail including plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

William P. Howard, Esq.
Stefan Alvarez, Esq.
The Consumer Protection Firm, PLLC
210 A. South MacDill Avenue
Tampa, FL 33609


/s/ Rachel A. Morris
Attorney

CHICAGO/#2953176.1