**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MELONIE BRATCHER,

          Plaintiff,

v.                                  No. 3:16-cv-00519-HES-JBT

NAVIENT SOLUTIONS, INC.,

          Defendant.

**DEFENDANT NAVIENT SOLUTIONS, LLC'S**
**EMERGENCY MOTION TO STAY DOCUMENT PRODUCTION PENDING RULING**
**ON OBJECTIONS (DOC. 26)**

Defendant Navient Solutions, LLC ("NSL"), by and through undersigned counsel, hereby files this Emergency Motion to Stay the Document Production Required by the March 2, 2017 Order (the "Order"), issued by the Honorable Joel B. Toomey (the "Magistrate Judge") granting Plaintiff's Motion to Compel (the "Motion"), pending a ruling on NSL's objections to the Order (Doc. 26), and states as follows:

**I.**     **Introduction**

NSL is a servicer of student loans. In her Complaint, plaintiff Melonie Bratcher ("Bratcher") challenges telephone calls that NSL made to her in an effort to collect outstanding amounts on her federal student loans. Bratcher asserts a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), which governs, among other things, the use of automated telephone dialing equipment to make calls to cellular telephones. Such calls may be made with the recipient's "prior express consent," and calls made without the requisite consent are subject to statutory damages, in the amount of $500 for negligent violations or up to $1,500 for willful violations. She also asserts claims under the Florida Consumer Collection Practices Act,

1

Fla. Stat. § 559.55, et seq. (the "FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), which govern debt collection practices and prohibit debt collectors from using abusive, unfair or deceptive practices to collect debts. Notably, all of these claims arise from only 74 phone calls, made over a period of approximately 20 months.[1]

As stated in NSL's Objections to the Order, the Court concluded that NSL should be required to respond to Bratcher's Request for Production No. 36 (the "Request") and Interrogatory No. 14 (the "Interrogatory"), which seek extensive information about complaints asserted by other student loan borrowers about telephone calls made by NSL. The Request reads as follows:

> Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to calls using an "automatic telephone dialing system," "artificial voice," and/or prerecorded voice.

Meanwhile, the Interrogatory states:

> Identify any prior complaints, formal or informal, whether in writing or not, received from any governmental agency, concerning alleged violations of federal law relating to telephone calls to consumers . . . .

During the meet-and-confer process, Bratcher agreed to limit the Request and the Interrogatory, as follows:

> [O]nly those prior complaints, both formal and informal, for just the past two years, which counsel for the Defendant knows are stored and readily accessible in [Defendant's] CSI Database [the "Complaint Information"] maintained by [Defendant's] Office of Customer Advocate and its Supervisor, Angela Kamionka ["Kamionka"].

---

[1] In response to this Motion, Plaintiff may argue NSL's call count is incorrect. However, although Plaintiff believes NSL made more calls, NSL's records show the total call count in this case is 74.

In opposing the Motion, NSL argued, and still maintains, that this limitation is not meaningful as a matter of fact and law.  Accordingly, NSL filed Objections to the Order (Doc. 26) and now respectfully asks the Court to stay the production pending a ruling.

## II.    Argument

In seeking a stay, a defendant "must demonstrate: 1) that it is likely to prevail on the merits of appeal; 2) that absent a stay, it will suffer irreparable harm; 3) that the [p]laintiffs will not suffer substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay."  Kearney Partners Fund, LLC v. United States, No: 2:10-cv-153-Ftm-99SPC, 2013 U.S. Dist. LEXIS 20067 (M.D. Fla. Feb. 13, 2014) (citing Jackson v. Motel 6 Multipurposes, Inc., 172 F.R.D. 469, 471 (M.D. Fla. 1997)).  Because these "factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules."  Id. (citing Hilton v. Braunskill, 481 U.S. 770, 777 (1987)).

However, in Kearney Partners Fund, the court granted a stay under circumstances similar to those at issue here.  Id. at *4.  The defendant sought a stay in order to object to a magistrate judge's order compelling production of documents. Id. at *2.  The defendant claimed the attorney-client privilege and argued that: (1) a stay would "protect its opportunity to seek a ruling" regarding the production; (2) it would suffer irreparable harm because it would be required to "disclose the [documents] at issue before it ha[d] the opportunity" to object: and (3) plaintiffs would "not be harmed."  Id. at *3-4.  The court agreed and held there was "good cause" to grant a stay pending its decision on the objections.  Id. at *4.

Similarly, here, a stay will provide NSL an opportunity to obtain a ruling from the Court regarding the production contemplated by the Order.  As explained in NSL's Objections to the Order, NSL will suffer irreparable harm without a stay because it will be required to make the production before it has the benefit of a decision on its Objections.

Moreover, this disclosure will also impose an improper burden on NSL.  Some of the Complaint Information consists of private and confidential information.  Each entry in the Complaint Information pertains to a particular borrower, and some entries reflect borrowers' circumstance with respect to outstanding student loans.  Accordingly, to some extent, the Complaint Information contains borrowers' names, addresses, student loan status/balances, etc.  Clearly, by its very nature, such information is, and should be, protected as private and confidential.  See, e.g., Wells Fargo Bank, N.A. v. Clark, No. 6:11-cv-06248-HO, 2012 U.S. Dist. LEXIS 145145, at *7 (D. Ore. Oct. 5, 2012) (noting that a temporary restraining order was granted to remove "customer names, addresses, loan numbers and other confidential information" from a website); Fiddler's Creek, LLC v. Naples Lending Group LC, No: 2:14-cv-379-FtM-29CM, 2016 U.S. Dist. LEXIS 93850 (M.D. Fla. July 19, 2016) (recognizing the "sensitive and confidential nature of . . . financial discovery" and denying discovery requests accordingly); see also Family Holdings, LLC v. San Jorge Children's Healthcare, Inc., 297 F.R.D. 19, 20 (D.P.R. 2014) ("The non-parties, claiming that the records sought include their confidential financial information, have standing to object to the subpoenas.").  Moreover, as noted above, these entries would have to be redacted from the Confidential Information on a line-by-line basis (which, in contrast, is not the case for complaints filed in court, which NSL has produced).  Prior to production, this information would have to be redacted on a line-by-line basis (which, in contrast, is not the case for complaints filed in court, which NSL has produced). Under the circumstances at hand, that burden is not justified.

Additionally, Bratcher will not be harmed by a stay.  Bratcher already has more than enough information to pursue her claims, so a short stay pending this Court's review of the Order will not be prejudicial.

Finally, for the reasons outlined in NSL's Objections, NSL is likely to prevail on the merits for several reasons.  First, the Order does not take into account that NSL has already undertaken the burden of producing several thousand pages of "formal complaints" – i.e., lawsuits filed in various courts that contain allegations under the TCPA, FDCPA and/or FCCPA.  Given that NSL already has produced these documents, the burden of culling the CSI Database for duplicative and cumulative information is unjustified.  Moreover, and notably, Bratcher already has deposed NSL's corporate representative on the issue of prior complaints, as well as Kamionka.  Finally, given the legal standards governing Bratcher's claims in the Eleventh Circuit, the Complaint Information cannot serve any purpose here.  Thus, her insistence on production clearly is an attempt to harass, disparage and prejudice NSL.

Second, because the Order does not take into account NSL's production, it is contrary to well-settled case law, and requires a further production that is disproportionate to the needs of Bratcher's case.  For instance, a court in the Southern District of Florida very recently denied opposing counsel's request for the Complaint Information, finding that, because NSL already produced court-filed complaints, the additional discovery was unnecessary.  Cedeno v. Navient Solutions, Inc., No. 16-61049-CIV-UNGARO/OTAZO-REYES, Dkt. 41 (S.D. Fla. Dec. 8, 2016). This is for good reason, as courts in this district and elsewhere rarely require more than a list of prior lawsuits filed against defendants.  And, even where courts require more than a list, they generally limit such productions to formal, written complaints.

Third, any argument by Bratcher that the Complaint Information goes to the issue of willfulness under the TCPA is misplaced.   Given the Eleventh Circuit's willfulness standard, however, this argument fails.  "The requirement of 'willful[] or knowing[]' conduct requires the violator to know he was performing that conduct that violates the statute."  Lary v. Trinity

<u>Physician Fin. & Ins. Servs.</u>, 780 F.3d 1101, 1107 (11th Cir. 2015). This standard requires a detailed inquiry into the alleged violator's conduct as it pertains to the calls at issue. <u>See</u> <u>Brown v. Account Control Tech., Inc.</u>, No. 0:13-62765-CIV-DIMITROULEAS, 2015 U.S. Dist. LEXIS 180605, at *10 (S.D. Fla. Jan. 15, 2015) (denying summary judgment on willfulness because it was "unclear whether the agents actually saw [the] information, and to what extent such information on the [system] interface suggested that the number was linked to a cell phone").

Accordingly, the Court should grant a stay pending its ruling on NSL's objections. <u>Id.</u>; <u>see also</u> <u>United States v. Block 44</u>, 177 F.R.D. 692, 693 (M.D. Fla. 1997) (noting that the court stayed proceedings pending review of a magistrate judge's ruling on a motion to compel).

## III.    <u>Conclusion</u>

For the foregoing reasons, NSL respectfully requests a stay of the production pending a ruling on NSL's Objections (Doc. 26) and such other relief as the Court deems just and proper.

### 3.01(g) CERTIFICATE OF CONFERENCE

The parties have conferred regarding the relief requested by NSL herein by telephone on March 8, 2017 and email on March 14, 2017, and plaintiff opposes the relief requested in this Motion.

WHEREFORE, Defendant, Navient Solutions, LLC respectfully requests a stay of the production pending a ruling on NSL's Objections (Doc. 26) and such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Rachel A. Morris
Rachel A. Morris, Esq.
Florida Bar No. 0091498
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
Rachel A. Morris, Esq.
Florida Bar No. 0091498

6

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone:      (813) 890-2469
Facsimile:      (866) 466-3140
dvanhoose@sessions.legal
ramorris@sessions.legal

Attorneys for Defendant,
Navient Solutions, LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 14<u>th</u> day of March, 2017, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Stefan Alveraz, Esq.
The Consumer Protection Firm, PLLC
Suite 210-A
South MacDill Avenue
Tampa, FL 33609


<u>/s/ Rachel A. Morris</u>
Attorney