UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELONIE BRATCHER,

    Plaintiff,

v.                                          CASE NO. 3:16-cv-519-J-20JBT

NAVIENT SOLUTIONS, INC.,

    Defendant.
_____/

## SUPPLEMENT TO ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for Protective Order ("Motion") (Doc. 19), Plaintiff's Response thereto (Doc. 21), Defendant's Request for Leave to File Reply ("Request") (Doc. 22), and Plaintiff's Response thereto (Doc. 23). This Supplement to Order explains why the Court **DENIED** the Motion and the Request on March 9, 2017.[1] (Doc. 24.)

### I.    Relevant Background

In the Complaint, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by using an automatic telephone dialing system to call Plaintiff's cellular telephone over 100

---

[1] Although the Motion was denied, expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) will not be awarded because Defendant's position was substantially justified.

times between 2015 and the present, without her express permission, and after she repeatedly requested that Defendant stop. (*See* Doc. 1.)

On February 23, 2017, Plaintiff noticed the depositions of three of Defendant's employees: Angela Kamionka, Head of the Office of Customer Advocate; Josh Dries, a Supervisor of the Dialer Team; and Paty Peterson, a Dialer Team Supervisor. (Doc. 19-1.) The depositions were scheduled for March 10, 13, and 14, prior to the close of discovery on March 17. (*Id.*; Doc. 11 at 1.)

On March 6, Defendant filed the Motion, seeking a protective order to prevent Plaintiff from deposing the subject employees. (Doc. 19.) Pursuant to the Court's Order shortening the time to respond to the Motion, Plaintiff filed her Response on March 8, and Defendant filed the Request seeking to file a reply the same day. (Docs. 20, 21, 22.) On March 9, Plaintiff responded to the Request, and the Court denied the Motion and the Request in an Endorsed Order because the first deposition was scheduled for March 10. (Docs. 23 & 24.) The Court's reasoning is set forth below.

II.   **Legal Principles**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in civil cases. In general,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

> information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). "The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).[2] "Protective orders prohibiting depositions, however, are rarely granted." *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.")).

---

[2] Although the Court does not rely on unpublished opinions as binding precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

### III. Analysis

#### A. The Motion

Defendant has not shown good cause for entry of a protective order prohibiting the subject depositions. First, Defendant argues that the depositions are unnecessary because Plaintiff has already obtained all information she needs to prove her claims through written discovery, document production, and the deposition of Defendant's corporate representative. (Doc. 19 at 4–5.) However, Plaintiff states that the deposition testimony of Defendant's corporate representative was deficient, and that the additional depositions are thus necessary to obtain relevant information. (Doc. 21.) Defendant may not limit Plaintiff's discovery to that which Defendant believes is necessary to prove Plaintiff's claims. Rather, Plaintiff is generally entitled to take all discovery allowed under Rule 26(b)(1) that she deems necessary.

Next, Defendant argues that the discovery is unduly burdensome and not proportional to the needs of the case. (Doc. 19 at 6.) However, Defendant fails to sufficiently address the factors set forth in Rule 26(b)(1) regarding proportionality. Rather, Defendant argues primarily that Plaintiff's "claims are simply not valuable enough to warrant these additional depositions." (*Id.*) However, given the number of calls at issue, and the potential for recovery of actual, statutory, punitive, and/or treble damages under the relevant statutes, three additional depositions are not

disproportional to the needs of this case.³  *See* 15 U.S.C. § 1692k(a); Fla. Stat. § 559.77(2); 47 U.S.C. § 227(b)(3).  There is no indication that Plaintiff is proceeding in bad faith.  Plaintiff is facing similar expenses to Defendant in taking the subject depositions.  In short, this is not a relatively rare case where the subject depositions, which are within the number allowed and appear relevant to the claims and defenses, should be prohibited altogether.  *See* Fed. R. Civ. P. 30(a).

### B.    The Request

The Request does not set forth sufficient grounds for a reply.  Defendant argues that a reply is necessary to address new arguments presented in Plaintiff's Response to the Motion, i.e., that the subject deposition testimony is relevant to prove knowing and willful violations of the TCPA, as well as actual and punitive damages under the FCCPA.  (Doc. 22 at 2.)  However, Plaintiff presented this argument to Defendant in an email prior to the filing of the Motion.  (*See* Doc. 21-3 at 2; Doc. 23 at 2.)  Thus, the Response did not raise any new arguments.

Additionally, Defendant argues that the depositions are premature because the documents upon which they are based have not yet been produced.  (Doc. 22 at 2.)  However, it is for Plaintiff to determine whether she has sufficient documents and/or information to conduct the subject depositions.  *See* Fed. R. Civ. P. 26(d)(3) ("Unless the parties stipulate or the court orders otherwise . . . methods of discovery

---

³ The Complaint alleges that over 100 calls are at issue, and Defendant states that there are "at most 74 calls at issue." (Doc. 1; Doc. 19 at 6.)

may be used in any sequence."). Further, although Plaintiff waited to schedule the depositions until approximately three weeks before the close of discovery, Defendant waited until four days prior to the first deposition to file the Motion. In order to keep the depositions on schedule, the Court shortened Plaintiff's response time to two days, allowing the Court the minimum time needed to issue a ruling prior to the first deposition. Because of the timing of Defendant's filing of the Motion, there was insufficient time for a reply.

### IV. Conclusion

Accordingly, the Motion (**Doc. 19**) and the Request (**Doc. 22**) were **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, on March 14, 2017.

*[Signature]*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record