UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELONIE BRATCHER,

    Plaintiff,

v.                                   CASE NO.: 3:16-cv-00519-HES-JBT

NAVIENT SOLUTIONS, LLC,

    Defendant.

**PLAINTIFF'S MOTION TO LIFT CONFIDENTIALITY
AND EXTEND THE DEADLINE TO FILE SUMMARY JUDGMENT**

Plaintiff, Melonie Bratcher, by and through her undersigned counsel, respectfully requests this Honorable Court enter an Order lifting the Defendant's claimed designation of confidentiality concerning the formal and informal prior complaints (hereinafter "Prior Complaints") recently ordered to be produced to Plaintiff, pursuant to this Court's Order (Doc. 18), as well as extend the deadline for Summary Judgment until four days after this Court rules on this Motion, and states the following in support thereof:

**INTRODUCTION**

It is now confirmed that the Plaintiff asked for the calls to stop on more than one occasion and Defendant refused to do so; Defendant robocalled her sixty-three times after she clearly pleaded "I don't want you guys calling me again." Her requests were yet again ignored when she informed a representative from Defendant only four days later: "I asked you guys not to call me anymore. I'm getting an attorney and I'm going to sue you guys now. Have a good day. Don't call me again." Despite Defendant's claims that such requests are honored and it is its policy and

procedure for the robocalls to stop following requests like Plaintiff's, Defendant blatantly ignored her repeated request and called sixty-three times in what looks like willful and/or knowing violations of the law. Defendant's failure to honor Plaintiff's multiple requests for the calls to stop appears to be a systemic and institutional decision by the Defendant to ignore the law, and represents a mere fraction of similar complaints from thousands of other consumers against Defendant for its refusal to follow the law. The thousands of similarly ignored complaints against Defendant and the necessity to bring them before this Court provides the basis of this Motion.

## PROCEDURAL BACKGROUND

1. With no way to make the Defendant's harassing robocalls stop, Plaintiff filed her Complaint (Doc. 1) on April 28, 2016, alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), Fair Debt Collections Practices Act ("FDCPA"), and the Florida Consumer Collection Practices ("FCCPA").

2. Plaintiff served her first set of discovery requests on September 12, 2016. Defendant served its Responses and Objections on October 17, 2016 and Amended Responses to Plaintiff's First Set of Interrogatories on October 24, 2016, which all contained deficient responses to numerous discovery requests.

3. Pursuant to Local Rule 3.01(g) and an effort to avoid needlessly seeking court intervention, Plaintiff spent several months attempting to resolve a plethora of discovery issues related to Defendant's deficient discovery responses. Unfortunately, Plaintiff was regularly met with indifference and delay tactics by Defendant to seemingly push Plaintiff to the brink of the March 17, 2017 discovery deadline without having to provide responsive information to basic discovery requests.

4. On January 17, 2017, Plaintiff was forced to file her Motion to Compel Defendant's Discovery Responses (Doc. 13).

5. On January 31, 2017, Defendant filed its Response to Plaintiff's Motion to Compel (Doc. 14).

6. On February 2, 2017, this Honorable Court entered an Order (Doc. 15) taking the Motion to Compel (Doc. 13) under advisement and ordering the parties to confer and file a joint notice by February 17, 2017 stating what, if any, discovery items remain in dispute.

7. On February 17, 2017, the parties filed a Joint Notice (Doc. 17). Despite Plaintiff going above and beyond to resolve the remaining issues without additional intervention from the Court by limiting and further narrowing the discovery items in dispute, Defendant refused to produce the narrowly tailored requests relating to prior complaints.

8. On March 2, 2017, this Honorable Court entered an Order (Doc. 18) granting Plaintiff's Motion to Compel.

9. On March 6, 2017, in yet another attempt to delay and obstruct the discovery process, Defendant filed a Motion for Protective Order (Doc. 19) to preclude Plaintiff from deposing basic fact witnesses possessing wholly relevant information and meaningful testimony related to Defendant's seemingly systematic refusal to properly and effectively document consumers' revocations of consent.

10. On March 7, 2017, this Honorable Court entered an Order (Doc. 20) shortening the time for Plaintiff to respond to Defendant's Motion for Protective Order from fourteen days to one day.

11. On March 8, 2017, pursuant to this Court's Order (Doc. 20), Plaintiff filed her Response to Defendant's Motion for Protective Order (Doc. 21).

12. On March 8, 2017, Defendant filed its Motion for Leave to File Reply on Motion for Protective Order (Doc. 22). On March 9, 2017, Plaintiff filed her Response in Opposition to Defendant's Request for Leave to File a Reply (Doc. 23).

13. On March 9, 2017, this Court entered an Order (Doc 24) denying Defendant's Motion for Protective Order and its Motion for Leave to File Reply on Motion for Protective Order.

14. On March 14, 2017, Defendant filed its Objections to Order Granting Plaintiff's Motion to Compel (Doc. 26), along with its Emergency Motion to Stay Document Production Pending Ruling on Objections (Doc. 27).

15. On March 17, 2017, the last day of the discovery period, Defendant filed a Motion to Compel Documents from Plaintiff (Doc. 31). That same day, pursuant to this Court's Order (Doc. 18), Defendant finally produced the Prior Complaints responsive to Plaintiff's discovery requests.

16. On March 20, 2017, this Court entered an Order (Doc. 32) shortening the time for Plaintiff to respond to Defendant's Motion to Compel from fourteen days to seven days, or else the Motion would be considered unopposed.

17. On March 27, 2017, Plaintiff filed her Response to Defendant's Objection (Doc. 33) and Response to Defendant's Emergency Motion to Stay (Doc. 34), as well as Plaintiff's Response to Defendant's Motion to Compel (Doc. 35).

18. On March 30, 2017, this Court entered an Order (Doc. 36) overruling Defendant's Objections and denying it Emergency Motion to Stay as moot.

19. On April 3, 2017, pursuant to Local Rule 3.01(g), the undersigned contacted counsel for the Defendant to remove the confidential designation from several items produced

during discovery that Plaintiff intends to file as exhibits to her motion for partial summary judgment and ultimately as trial exhibits.

20. On April 6, 2017, Defendant refused to lift confidentiality for the Prior Complaints that it was ordered to produce to Plaintiff by this Court's Order (Doc. 18) on March 2, 2017, which were never actually produced until the day of the discovery deadline on March 17, 2017.

21. Plaintiff feels compelled to outline the procedural background precipitating today's Motion in such explicit detail above because it illustrates the repeated delays and obstructions created by Defendant's dilatory behavior throughout the entire discovery process. Despite every attempt in good faith by the Plaintiff to resolve issues in a timely fashion without court intervention, the Defendant refused to reciprocate unless ordered to do so by this Court. Even after being ordered to do so, the Defendant maintained its obstructionist pattern of behavior requiring additional motion practice to ultimately resolve basic discovery disputes.

22. Due to Defendant's undue delays throughout the discovery process resulting in significant motion practice which required several rulings from this Court, Plaintiff now finds herself six days away from the deadline to file her motion for partial summary judgment with the Defendant again forcing her to seek this Court's intervention. In this instance, Defendant is refusing to lift confidentiality on the Prior Complaints, which are a wholly relevant exhibit to Plaintiff's motion for partial summary judgment, as explained in detail below.

23. As such, Plaintiff is respectfully requesting this Court enter an order lifting the designation of confidentiality on the Prior Complaints produced by Defendant, thereby allowing Plaintiff to file the Prior Complaints as an exhibit in support of her motion for partial summary judgment on or before April 17, 2017, or in the alternative, to extend the deadline to file all

dispositive motions pending this Court's ruling on this Motion, and for such other and further relief as this Court deems just and proper.

## FACTUAL BACKGROUND

During the discovery phase of this matter, Defendant refused to provide several requested documents, unless Plaintiff agreed to allow them the right to designate those requested items as "confidential." To facilitate a self-effectuating discovery process and avoid premature or unnecessary court intervention, Plaintiff agreed to a confidentiality agreement. On January 26, 2017, the Parties entered into a Stipulated Confidentiality Agreement (the "Agreement") (attached hereto as Exhibit "A"). The Agreement provides that information notated as "CONFIDENTIAL" shall not be filed as a matter of course with the Court. However, the Agreement further provides that a Party may object to the designation of any document as "CONFIDENTIAL," and that "[t]he producing party shall bear the burden of proving the confidentiality of such material."

Pursuant to this Court's Order Granting Plaintiff's Motion to Compel (Doc. 18) and the Order Denying Defendant's Objections to Order Granting Plaintiff's Motion to Compel (Doc. 36), Defendant was required to, and eventually did, produce all formal and informal prior complaints received by Defendant over the previous two years concerning similar or identical conduct and harassment suffered by Plaintiff in this case. These documents were produced by Defendant as CONFIDENTIAL BATES Labeled NSI3015-NSI4155, and include, amongst others, escalated complaints filed by customers of Defendant, as well as complaints from government and non-governmental entities, including but not limited to the Consumer Financial Protection Bureau (CFPB), the Better Business Bureau (BBB), and state attorneys general. These complaints are stored in Defendant's Customer Satisfaction Interface (CSI) database and maintained by its Office

of Customer Advocate (OCA). The produced documents are already redacted, removing all references to any personal identifying information related to each complaint.

In the coming days, Plaintiff intends to file her motion for partial summary judgment respectfully requesting this Court for, among other relief, treble damages under the TCPA for Defendant's potentially willful or knowing violations of the TCPA, or in the alternative minimum statutory damages under the TCPA, as well as the maximum statutory damages under the FDCPA and FCCPA. In addition, Plaintiff is continuing to diligently prepare for trial in this matter. The Prior Complaints produced by Defendant following this Court's Orders (Doc. 18 and Doc. 36) are critical to Plaintiff's ability to demonstrate the Defendant's institutional and systemic refusal to document consumers' requests for calls to stop. This pattern of behavior and abuse memorialized in the Prior Complaints produced by Defendant are a necessary exhibit to Plaintiff's motion for partial summary judgment supporting her argument that Defendant willfully or knowingly violated the TCPA, entitling Plaintiff to treble damages.

The importance of these Prior Complaints was recently recognized by this Court in its Order Granting Plaintiff's Motion to Compel (Doc. 18):

> Specifically, when awarding damages to an individual plaintiff under the FDCPA or the FCCPA, a court must consider, among other things, "the frequency and persistence of noncompliance," the "nature of such noncompliance," and "the extent to which such noncompliance was intentional." *See* 15 U.S.C. § 1692k(b)(1); Fla. Stat. § 559.77(2)…Further, under the TCPA, "[i]f the court finds that the defendant willfully or knowingly violated [the statute]…, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount [otherwise] available." 47 U.S.C. § 227(b)(3). ***Both formal and informal prior complaints regarding conduct similar to that at issue in this case are relevant to these determinations.***

(Doc. 18 at 4) (emphasis added).

Defendant is now attempting to limit or deter Plaintiff's ability to use this highly relevant evidence as support to any dispositive motions and, ultimately, as exhibits at trial, by refusing to

remove the confidential designation for the produced Prior Complaints. Defendant's refusal persists, despite this Court already ruling that "Defendant has made *no showing* in support of its conclusory assertion that the information sought is 'highly sensitive confidential and proprietary information and privileged information.'" (Doc. 18 at 5) (emphasis added). Following that Order (Doc. 18), this Court once again rejected Defendant's assertions of confidentiality by overruling its objections to granting Plaintiff's motion to compel (Doc. 36). In pertinent part, this Court specifically overruled Defendant's objection to the Court's finding that it failed to demonstrate that the complaint information is proprietary and confidential. The issue of confidentiality with regards to the Prior Complaints has been addressed by this Court not once, but twice; on both occasions, this Court has found that the Prior Complaints are not confidential.

Plaintiff seeks to utilize the Prior Complaints produced by Defendant in support of any dispositive motions and as trial exhibits in this case. As such, Plaintiff provides the following in support of lifting the "CONFIDENTIAL" designation of these documents.

## MEMORANDUM OF LAW

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern" and "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations omitted). As such, "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Id*. (citing *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1312 (11th Cir. 2001)).

However, the common law right of access is not absolute, and "may be overcome by a showing of good cause." *Pinnacle Towers LLC v. Airpowered, LLC*, No. 5:15-cv-81-OC-34PRL,

2015 WL 5897524, at *1 (M.D. Fla. Oct. 7, 2015). In making such a determination, the Court must "balance the public's right of access against the party's interest in confidentiality." *Id*. As reflected in the Agreement, "'it is the burden of the party seeking the protection to establish that the document should be filed under seal.'" *Id*. (quoting *F.T.C. v. Alcoholism Cure Corp.*, No. 3:10-CV-266-J-34TEM, 2010 WL 4840046, at *4 (M.D. Fla. Nov. 23, 2010)).

Consequently, Defendant has the burden here to establish that the Prior Complaints are subject to protection, and that Defendant's interest outweighs the public's right of access. As this Court recognized in its Order granting Plaintiff's Motion to Compel and its Order overruling Defendant's Objections (Docs. 18 and 36), Defendant has provided no basis for the confidential designation. Similarly, Defendant did not raise any new argument supporting the designation during the parties 3.01(g) conference. Defendant simply stated that it "objects" to lifting confidentiality for the Prior Complaints. Specifically, with regards to the Prior Complaints, this Court has previously concluded in its Order Granting Plaintiff's Motion to Compel that "Defendant has made no showing in support of its conclusory assertion that the information sought is 'highly sensitive confidential and proprietary information and privileged information.'" (Doc. 18 at 5). Although Defendant objected to this finding on confidentiality grounds, this Court overruled its objections and concluded that the Order "was not clearly erroneous or is contrary to law." (Doc. 36).

In weighing the competing interests, Plaintiff can find no proprietary or confidential information which justifies confidential treatment. The Prior Complaints, as provided by Defendant, are fully redacted to exclude any personal identifying information. Additionally, the nature of the Prior Complaints is devoid of any proprietary information as it merely reflects a compilation of complaints by customers and other third-parties, and is neither proprietary nor

9

exclusive to the operation of Defendant's business. As such, there is zero value to Defendant in maintaining the confidentiality of these documents.

On the contrary, by maintaining the "CONFIDENTIAL" designation on these documents, Plaintiff would be deprived of wholly relevant support for her case. As this Court previously concluded, the information contained in the Prior Complaints "regarding conduct similar to that at issue in this case are relevant" to determinations of Defendant's willful or knowing conduct. (Doc. 18 at 4). Furthermore, the competing interests both for Plaintiff and the public far outweigh Defendant's non-existent interest in maintaining the confidentiality of these documents, as they highlight an institutional pattern of Defendant's alleged violations of the law in a manner that cannot otherwise be demonstrated. Therefore, the Prior Complaints produced by Defendant should not be entitled to protection as confidential documents.

## RULE 3.01(g) CERTIFICATE

In accordance with Local Rule 3.01(g), the undersigned certifies that he contacted Defendant's counsel to resolve this dispute, and that counsel for Defendant objects to the relief sought.

**WHEREFORE**, Plaintiff, Melonie Bratcher, respectfully requests this Honorable Court enter an order lifting the designation of confidentiality on the Prior Complaints and extend the deadline for Plaintiff to file Summary Judgment until four days after the Court has ruled on this Motion; and for such other and further relief as this Court deems just and proper.[1]

---

[1] Based upon what appears to be Defendant's unreasonable, obstructionist behavior, the Plaintiff respectfully requests this Court consider awarding four (4) hours in attorney's fees for forcing Plaintiff to bring this Motion.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 12, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, who will send a notice of electronic filing to all counsel of record.

s/*Stefan A. Alvarez*
Stefan A. Alvarez, Esquire
Florida Bar No: 100681
William Peerce Howard, Esquire
Florida Bar No:  0103330
THE CONSUMER PROTECTION FIRM, PLLC
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 220-2954
Stefan@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Counsel for Plaintiff*
